UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lori E. Terrell, </br></br>      Plaintiff, </br></br>v. </br></br>McDonald's Corporation *et al.*, </br></br>      Defendants. | Case: 1:16-cv-00833 </br>Assigned To : Unassigned </br>Assign. Date : 5/3/2016 </br>Description: Pro Se Gen. Civ. |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff is a District of Columbia resident. Her list of defendants is long and varied. In addition to the lead defendant, McDonald's Corporation, plaintiff names, *inter alia*, Whole Foods Market, the law firms of Morgan, Lewis and Bockius LLP, and Covington & Burling LLP, Hudson Global, Inc., Spence Law Firm, the District of Columbia, D.C. Mayor Muriel Bowser, the University of the District of Columbia, Chick-Fil-A, Inc., Choice Hotels International, and First Baptist Church-Glenarden, Inc. Plaintiff's Statement of Claims consists of cryptic references to food poisonings, "intentional and/or premeditated inflictions of extreme and ongoing physical . . . economic . . . emotional and related harms," and violations of state and federal laws. Compl. at 5-6. The allegations, such as they are, are directed only at Morgan, Lewis. Plaintiff alleges that while passing by the firm's office in September 2015, she suffered "a recent physical attack involving aggravated theft of a personal biological nature and resulting in significant reduction in physical mobility," which "significantly and likely irreparably, harmed and damaged Plaintiff." Compl. at 6. Plaintiff seeks to hold all other defendants liable "as instrumentali[ties] of Defendant Morgan, Lewis . . ., jointly, concertedly and/or severally[.]" *Id.* She demands $1 billion in monetary damages.

Notwithstanding the frivolous nature of the allegations, the Court finds that the complaint simply fails to provide any notice of a claim. *See Iqbal*, 556 U.S. at 678 (a complaint consisting of "naked assertions devoid of further factual enhancement" does not satisfy Rule 8's pleading standard) (citation, internal quotation marks, and alteration omitted)). Hence, dismissal will be without prejudice. A separate order accompanies this Memorandum Opinion.

Date: April 2ꝗ, 2016

United States District Judge